**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 18-22998-CV-TORRES

HORACIO GUERRA,

      Plaintiff,

v.

AMERI-CLEAN PUMPING, INC. and
OSCAR VINCES,

      Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

There are two Motions pending before this Court: (1) a Motion for Attorney's Fees [D.E. 20]; and (2) a Motion for Bill of Costs [D.E. 30], both filed by Plaintiff HORACIO GUERRA ("Guerra" or "Plaintiff") on February 6, 2019. Defendants AMERI-CLEAN PUMPING, INC. and OSCAR VINCES ("Defendants") filed their Response in Opposition to the Motion on February 27, 2019 [D.E. 35], and Plaintiff's Reply followed on March 6. The matter is now fully briefed and therefore ripe for disposition. Following our review of the parties' briefing materials, the record evidence and the authorities governing the underlying dispute, we hereby **GRANT in part** and **DENY in part** Plaintiff's Motion.

### *I.  FACTUAL BACKGROUND*

This is a claim brought forth under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for Defendants' alleged failure to pay overtime wages in

accordance with the statute. Plaintiff claims that he worked for Defendants as a "driver," which required him to transport vehicles, machinery, materials and supplies on behalf of Defendants' clients from September of 2011 through July 5, 2018. The Complaint alleges that his time in Defendants' employ often required him to work in excess of forty (40) hours a week, and that he never received overtime wages at a rate of time and one-half in violation of 29 U.S.C. § 207(a).

Plaintiff filed his Statement of Claim on August 2, 2018, alleging he was owed $13,038.98 in unpaid wages. The parties then appeared before the undersigned on December 19, 2018 for a settlement conference, where an amicable resolution of the matter was reached.[1] The Court retained jurisdiction in order to determine the amount of a reasonable attorney's fees and costs to be awarded to Plaintiff as the prevailing party, and that issue is now before the Court.

## II.  *MOTION FOR ATTORNEY'S FEES*

In total, Plaintiff asks that he be awarded $14,562.50 in attorney's fees and $670.12 in costs. [D.E. 29, 30]. Defendants challenge both requests, arguing that Plaintiff did not prevail on his FLSA claims – making him ineligible to receive fees under the statute – and that certain costs sought within the Motion are not recoverable. [D.E. 35]. We now turn to the merits of both Motions.

---

[1] A transcript from that conference, which details the final terms of the settlement, can be found at D.E. 38.

### A. *Entitlement*

Under Section 216 of the FLSA, a prevailing party is entitled to a "reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). Defendants, however, take the position that Plaintiff cannot recover a vast majority of the fees sought because he is not a prevailing party under the FLSA. Instead, Defendant contends that Plaintiff only recovered for Defendants' alleged failure to comply with 26 U.S.C. § 7434, which states that "any person [that] willfully files a fraudulent information return with respect to payments purported to be made to any other person" will be liable for civil damages. *See* D.E. 35; 26 U.S.C. § 7434(a). According to this argument, the settlement reached only pertained to Defendants' alleged failure to report the additional payments on Plaintiff's W-2, and that Guerra cannot recover attorney's fees because the resolution of the case had nothing to do with unpaid wages owed under the FLSA.

In terms of what led to the settlement in this case, we disagree with Defendants' version of events. The settlement conference before the undersigned involved one issue, and one issue only: Plaintiff's claim for unpaid FLSA overtime wages. While it may be true that a discussion of Section 7434 took place, Defendants never pursued the issue or otherwise made it a part of the parties' agreement. Defendants contention, then, would require us to retroactively re-write Guerra's Complaint post-settlement, based on an unsupported, conclusory statement that the *only* issue before this Court at the time of settlement involved Section 7434. While this might be their position on the issue, it is not credible and we reject it outright.

3

Further, even though Defendants urge us to find that the majority of time at the settlement conference involved "litigating" the Section 7434 issue, such a position is curiously absent from the transcript of the conference that detailed the parties' agreement. [D.E. 38]. One would think that if Defendant intended to raise this issue on the pending fee award dispute, it would have preserved it on the record. Defendant failed to do so. *See id.*[2]

In sum, we reject Defendants' position that the settlement did not include the FLSA claim asserted in Guerra's Complaint and hold that Plaintiff may recover as the prevailing party under the statute.

### B. *Fee Award*

The Eleventh Circuit utilizes the "lodestar" method to calculate a reasonable attorney's fee. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1984). The "starting point" in this analysis requires us to "multiply [the] hours reasonably expended by a reasonable hourly rate." *Norman*, 836 F.2d at 1299. (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "This calculation provides an objective basis on which to make an initial estimate of the value of the lawyer's services." *Hensley*, 461 U.S. at 433. Once the Court calculates this amount – the "lodestar" – it must consider whether any adjustments are warranted based on the results obtained by counsel. *Id.* at 1302.

---

[2] Even if we were to accept Defendants' argument, it is a distinction without the difference. Section 7434 allows a prevailing plaintiff to recover attorney's fees, "in the court's discretion," as damages. *See* 26 U.S.C. § 7434(b)(3).

4

### *1. Reasonable Hourly Rate*

We must first determine if the request for attorney's fees is based on a "reasonable" hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id*. The court itself is also considered an expert, and we can make an informed judgment as to a proper fee award even without the benefit of outside testimony. *Id*. at 1303; *see also Loranger*, 10 F.3d at 781.

Plaintiff requests that his attorney, Brian Pollock, be compensated at a rate of $425.00 per hour. [D.E. 29, p. 9]. He also asks that the paralegal on the file, Cynthia Acuna-Nelson, receive a billable rate of $150.00 per hour. We find, in our discretion, that a slight adjustment is necessary; the attorney's fee award will be based on a rate of $400.00 per hour for Mr. Pollock, and $135.00 for Ms. Acuna-Nelson. These rates are reasonable and consistent with rates awarded in this District for this attorney and similarly-experienced counsel. *See Benjamin v. VHU Express, Inc.*, 2017 WL 3448298, at *2 (S.D. Fla. Aug. 8, 2017) ("reasonable" rates for Mr. Pollock and Ms. Acuna-Nelson set at $395.00 and $135.00 per hour, respectively); *Araujo v. C.R.C. Care Rental, Inc.*, 2017 WL 3382315, at *1 (S.D. Fla. Aug. 4, 2017) (setting Mr. Pollock's rate at $395.00 and Ms. Acuna-Nelson's at $135.00 per hour); *Leon v. Atlass Sys. Inc.*, 2016 WL 1692107, at *3 (S.D. Fla. Apr. 19, 2016) (awarding fees in the

amount of $375.00 per hour for Mr. Pollock and $135.00 for Ms. Acuna-Nelson). Thus, the award will be based on this modified hourly rate.

## *2.* *Hours Expended*

Next, we must determine if the number of hours expended on the litigation can be considered reasonable. In making this determination, we should exclude from the fee calculation "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Such hours, the Eleventh Circuit has explained, "would be unreasonable to bill a client" – and therefore to one's adversary – "irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301. Excluding work deemed excessive, unnecessary or redundant "must be left to the discretion of the district court," *Norman*, F.2d at 1301, and if applicants choose not to exercise billing judgment, "courts are obligated to do it for them." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

On the whole, the hours billed to the file here were reasonable, with a few exceptions for clerical work performed by Mr. Pollock and Ms. Acuna-Nelson. *See Norman*, 836 F.2d at 1306 (an applicant for attorney's fees "is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment."); *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). The Court has identified forty-three (43) such "clerical" tasks in the records produced by Plaintiff. Descriptions involving this type

6

of clerical work mostly related to review of routine pleadings filed with this Court, including summonses, judicial assignments, notices of appearance, and orders regarding court practices. These tasks will be "pruned" from the Motion as unnecessary and we will not include same as part of the fee award. *ACLU of Ga.*, 168 F.3d at 428.

After removing the clerical time entries, we are left with the following reasonable, recoverable time: (1) 26.9 hours for Mr. Pollock; and (2) 11.2 hours for Ms. Acuna-Nelson.

### 3. *Lodestar Adjustment*

Multiplying the reasonable hourly rates by the reasonable hours expended on the litigation, we are left with a lodestar figure totaling $12,272.00 – $10,760.00 of recoverable time from Mr. Pollock added to Ms. Acuna-Nelson's $1,512.00 total. We must now determine whether, as Defendant urges, the record supports a reduction of the lodestar.

The lodestar carries a "strong presumption" of reasonableness. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (citation and internal quotation marks omitted). "When the hours and rate are reasonable, a downward adjustment to a lodestar is merited only if the prevailing party was partially successful in its efforts." *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993) (citing *Hensley*, 461 U.S. at 434-36). Likewise, upward modifications to the lodestar are proper only in certain "rare" and "exceptional" cases, "supported by both 'specific evidence' on the record and detailed findings by" the court. *Pennsylvania v. Del. Valley Citizens'*

7

*Council for Clean Air*, 478 U.S. 546, 565 (1986) (citation omitted). When a party asks for an upward modification of the lodestar, he or she must support the request by demonstrating that "such an adjustment is *necessary* to the determination of a reasonable fee." *City of Burlington*, 505 U.S. at 562 (quotation omitted; emphasis original).

In our view, Plaintiff obtained a fairly good result for his client; the initial statement of claim sought approximately $13,000.00 in unpaid overtime wages, and the parties reached a $5,000.00 settlement. However, the circumstances do support a small reduction in the fee award, as Defendant makes a compelling argument that certain work might have been deemed unnecessary if Plaintiff had not waited until the settlement conference to reach an amicable resolution of the matter, especially given the weakness of the FLSA claim. Accordingly, we will reduce the lodestar figure by 10%, based on the value of the settlement in comparison with the amount originally sought and the work performed to reach that settlement, because the record supports Defendants' claim that Plaintiff was only "partially successful" in his recovery. *See Hallmark Builders*, 996 F.2d at 1150.

Based on this reduction, we find Plaintiff is entitled to recover $11,044.80 in attorney's fees for the work performed on the file.

### III. MOTION FOR COSTS

The FLSA also allows a prevailing party to recover "costs of the action." 29 U.S.C. § 216(b). Rule 54 of the Federal Rules of Civil Procedure likewise provides that costs, other than attorney's fees, shall be allowed to the prevailing party unless the

8

court otherwise directs. Fed. R. Civ. P. 54(d)(1). A cost award under the FLSA is limited to those costs enumerated in 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by limitations set out in Section 1920). The party seeking an award of costs must submit a request that enables the court to determine the party's entitlement to those costs. *Zainulabeddin v. Univ. of South Fla. Bd. of Trustees*, 749 F. App'x 776, 787 (11th Cir. 2018) (citing *Loranger*, 10 F.3d at 784).

Section 1920 provides for the specific costs that may be recovered by the prevailing party:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. In total, Plaintiff seeks a costs award totaling $670.00, broken down as follows: (1) $400.00 for fees of the clerk; (2) $165.00 for fees of service of summons; and (3) $105.00 in "other" costs.

9

Plaintiff may recover fees paid to the clerk, as it is clearly allowed under Section 1920(1). Plaintiff may also recover the costs associated with service of process. *See United States E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (holding private process server fees may be taxed under Section 1920); *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009). Service of process fees must not, however, exceed the cost of having the United States marshal effectuate service – a cost currently capped at $65.00 per hour. *See* 28 C.F.R. § 0.114 (setting $65.00 per hour "for each item served by one U.S. Marshals Service employee, agent, or contractor."). Two of the invoices included in Plaintiff's Motion seek $45.00 for two separate items served, which are recoverable because each fall below the $65.00 per item rate set forth by the federal regulations. We will reduce the total amount by $10.00, however, because the other service invoice exceeds that limit by that amount. *See* D.E. 30-1 (seeking $75.00 per hour for subpoenas served).

Finally, we will deny the request for the "other" costs. Plaintiff only attached one receipt for these "other" items, which purportedly seeks reimbursement for parking costs incurred on the date of the settlement conference. *Id.*, p. 3. This is not a recoverable cost under Section 1920. *See Davis v. Cruise Operator, Inc.*, 2017 WL 4347031, at *3 (S.D. Fla. Sept. 29, 2017) ("Parking is not a taxable cost under § 1920 and Defendant is precluded from recovering [such a] fee."). Any other costs that might be included within the "other" category is not supported with documentation, such as invoices or receipts, that would allow the Court to determine whether each would be recoverable, so all remaining such costs will not be part of the award.

Accordingly, we find that Plaintiff may recover $555.00, which includes the $400.00 filing fee and $155.00 for fees related to service.

## IV. CONCLUSION

For the reasons stated herein, we hereby **ORDER** that Plaintiff may recover $11,044.80 in attorney's fees and $555.00 in costs. Payment shall be made by Defendant within fourteen (14) days of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 25th day of April, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge